UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

CIVIL ACTION NO. 05-261-JBC

DENVER TRENT,                                                                                              PLAINTIFF,

V.            MEMORANDUM OPINION AND ORDER

JO ANNE BARNHART, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,                                                      DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

The plaintiff, Denver Trent, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner. The court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion for summary judgment and grant the Commissioner's motion for summary judgment.

A.      Overview of the Process

Judicial review of the ALJ's decision is limited to determining whether he employed the proper legal standards. *Cutlip v. Sec'y of Health and Human Serv.*, 25 F.3d 284, 286 (6th Cir. 1994). "This court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* The court does not try the case *de novo* or

resolve conflicts in the evidence; it also does not decide questions of credibility. *See id.* Rather, if substantial evidence supports the Commissioner's decision, this court will defer to that finding, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Longworth*, 402 F.3d at 595, quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is performing substantial gainful activity; at Step 2 the ALJ determines if one or more of the claimant's impairments are "severe"; at Step 3, the ALJ analyzes whether the claimant's impairments, singly or in combination, meet or equal a listing in the Listing of Impairments; at Step 4, the ALJ determines whether or not the claimant can perform his past relevant work; and, finally, at Step 5 – the step at which the burden of proof shifts to the Commissioner – the ALJ determines whether significant numbers of other jobs exist in the national economy that the claimant can perform. *See Preslar v. Sec'y of Health & Human Serv.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.    The ALJ's Determination**

This application for benefits was filed in May 2003, less than a month after a prior application for benefits had been denied. Many of the findings in the prior decision are relevant to this case and the ALJ relied on those findings in conducting his analysis and reaching his decision. In the first step of the evaluation, the ALJ determined that the claimant had not engaged in any substantially gainful activity

since the alleged onset of his medical conditions. At the second and third steps of the evaluation, the ALJ determined that the claimant suffered from "depression, anxiety, borderline intellectual functioning, alcohol dependence in remission by history, low back pain of uncertain etiology, and hypertension." These conditions were "severe" within the meaning of the Regulations, 20 C.F.R. §§ 404.1520(c); 416.920(b). However, they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation 4. At step four, the ALJ determined that the claimant could not perform his past relevant work. Continuing to step five, the ALJ found that the claimant had a residual functional capacity ("RFC") for a significant range of heavy work. Therefore, the ALJ concluded that the claimant was not disabled.

**C.     Analysis**

On appeal to this court, the claimant argues that the evidence in this case does not support a finding of "not disabled." Specifically, he argues that the ALJ should not have adopted findings from the previous decision, that the evidence does not support an RFC for heavy physical work, that the ALJ did not properly evaluate his mental impairments, and that the ALJ should have asked a new hypothetical question to a vocational examiner based on the new evidence. For the following reasons, the court finds these arguments unpersuasive.

*Reliance on the findings from a previous decision*

"The findings and decision of the Commissioner of Social Security after a

hearing shall be binding upon all individuals who were parties to such hearing." 42 U.S.C. § 405(h) (emphasis added). The statute "is designed to give finality to the decisions of the Social Security Administration. Decisions by the Administration cannot be repeatedly reconsidered." *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 841 (6th Cir. 1997). Absent evidence of changed circumstances, the ALJ is bound by the decision and findings of a previous ALJ. *Id.* at 842. The moving party has the burden of proving changed circumstances. *See id.* at 841-42. In this case, the new only evidence consisted of a consultative all systems examination performed by Dr. Ratliff; a consultative psychiatric examination performed by Dr. Eardley; and a mental assessment (mental) from Dr. Vaida, a treating psychiatrist.

*Evidence of physical impairments*

Reviewing Dr. Ratliff's report, the ALJ noted that there was "no physical evidence for a significant restriction in his ability to perform basic-work related activities." Therefore, the ALJ did not err in finding – as did the ALJ in the earlier decision – that the claimant had an RFC for heavy work. Indeed, because there was no evidence of changed circumstances, *Drummond* required him to adopt the findings of the ALJ in the previous case. *Id.*

*Evidence of mental impairments*

Dr. Eardley opined that the claimant was limited to isolated, low-stress work. The ALJ credited this opinion, which was also consistent with the findings of the ALJ in the previous case. The ALJ rejected Dr. Vaida's opinion because the

claimant sees him for only fifteen minutes every three months. The primary purpose of these visits being to make any necessary adjustments to the claimant's medication. The ALJ did not err when he rejected that of Dr. Vaida. The ALJ may reject the opinion of a treating physician where it is inconsistent with other medical evidence and where the treating relationship is not significant. *See Loy v. Sec. of Health and Human Servs.*, 901 F.2d 1308-09 (6th Cir. 1990). In this case, Dr. Vaida's report was inconsistent with that of Dr. Eardley and with the medical record in the previous case. Because the ALJ did not find any evidence of changed circumstances regarding the claimant's mental impairments, the ALJ was bound by the findings in the previous case.

*The hypothetical question*

The hypothetical question is a tool that the Secretary may use to determine whether there are jobs in the national economy that the claimant can perform. *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). However, this is not the only way that the Secretary may satisfy its burden at step five. *See id.* In the previous case, the ALJ determined, through the use of a hypothetical question, that there was a significant number of jobs in the national economy that the claimant could perform. In this case, because there were no changed circumstances affecting the claimant's RFC, the ALJ was required to accept the previous ALJ's finding that there is a significant number of jobs in the national economy that the plaintiff can perform. *See Drummond*, 126 F.3d at 841-

42. Accordingly,

**IT IS ORDERED** that the plaintiff's motion for summary judgment (DE 4) is **DENIED.**

**IT IS FURTHER ORDERED** that the defendant's motion for summary judgment (DE 5) is **GRANTED.**

Signed on January 4, 2006

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

6